Jerry TURNER, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 13–20429
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 2014.

Todd Edward Webb, Webb Law Firm, Houston, TX, for Plaintiff–Appellant.

Fred Turner Hinrichs, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Defendant–Appellee.

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant filed a medical malpractice action against Defendant–Appellee pursuant to the Federal Tort Claims Act ("FTCA"). The district judge dismissed Plaintiff–Appellant's claims as untimely. We affirm.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Plaintiff–Appellant Jerry Turner,[1] a resident of Richmond Texas, had a medical history of obesity (weighing more than 400 pounds), congestive heart failure, atrial fibrillation, diabetes, chronic renal insufficiency, and chronic venous stasis ulcers. On November 30, 2008, Turner was admitted for the treatment of congestive heart failure to Oakbend Medical Center ("OMC") under the care of Dr. David W. Krusleski, M.D. Turner was assessed by the medical staff at OMC upon admission and determined to be at high risk for the development of pressure ulcers on account of his large size and limited mobility. As a result, OMC medical staff developed a comprehensive plan to address the issue which included turning Turner periodically in his bed, the provision of a bariatric bed to accommodate Turner's large size, treatment with intravenous antibiotics, and wound care. In spite of the medical staff's treatment, Turner developed pressure ulcers. Turner was released from OMC on December 22, 2008 and given wound dressings, pain medication, and instructions to follow up with the outpatient wound care department at Fort Bend Family Health Center ("FBFHC"). Turner did not follow up with treatment at FBFHC as instructed.

A couple weeks later, Turner was readmitted to OMC and upon assessment, it was determined that his pressure ulcers were necrotic and infected. Turner was treated with intravenous antibiotics and underwent several medical procedures to treat the wounds. Turner was discharged on May 5, 2009 and instructed to follow up with continuing wound care at OMC. By October 13, 2009, Turner's ulcer condition was healed.

## II.

On December 27, 2010, Turner submitted an administrative tort claim against Dr. Krusleski pursuant to the FTCA. Turner's malpractice action essentially alleged that Dr. Krusleski failed to meet the applicable standard of care for a health care facility by allowing Turner to develop pressure ulcers during his stay at the OMC between November 30 and December 22, 2008. The Department of Health and Human Services ("DHHS") received Turner's claim on December 29, 2010.[2] DHHS issued a denial letter on August 16, 2011, finding that the evidence failed to support Turner's claims that his alleged injuries were due to the negligent or wrongful act or omission of a federal employee, i.e., Dr. Krusleski, acting within the scope of his employment.

On February 15, 2012, Turner filed suit in federal court. Defendant–Appellee filed an answer in May 2012 and ultimately filed a motion to dismiss in January 2013. The magistrate judge ("MJ") agreed that Turner's FTCA claim was untimely pursuant to 28 U.S.C. § 2401(b).

In her Memorandum and Recommendation, the MJ found that Turner's claims accrued no later than December 22, 2008, i.e., the day he was released from OMC with pressure ulcers and instructions to follow up with the outpatient wound care department at FBFHC. Because Turner waited until December 29, 2010, more than two years after the date his claims accrued, to file his FTCA claim with DHHS, his claim was untimely pursuant to the statute. See 28 U.S.C. § 2401(b). The district judge adopted the MJ's Memorandum and Recommendation and dismissed

---

1. Jerry Turner passed away on May 28, 2013.

2. An administrative claim is considered to be presented when the federal agency receives it. See 28 C.F.R. § 14.2(a).

Turner's claims. Turner filed the instant appeal.

On appeal, Turner argues that the district judge erred in granting Defendant–Appellee's motion to dismiss because: (1) the "risk factors associated with [Turner's] pressure ulcers were not the requisite facts necessary to inform [Turner] what caused these ulcers"; (2) Turner's condition prevented him from reasonably knowing what caused the pressure ulcers before December 29, 2008; and, (3) the MJ abused her discretion in granting Defendant–Appellee's motion to stay discovery during the proceedings below.

## III.

This court reviews a district court's grant of a motion to dismiss de novo. *Whitley v. Hanna,* 726 F.3d 631, 637 (5th Cir.2013) (citation omitted).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable statutory, state and federal case law, and the MJ's Recommendation and Report as adopted by the district court, we AFFIRM the district court's judgment dismissing Plaintiff–Appellant's claims against Defendant–Appellee and adopt its analysis in full.